**Geoffrey E. STAHL, Appellant,**

**v.**

**Paul D. YARBOROUGH et ux., Appellees.**

**No. 7449.**

Court of Civil Appeals of Texas.

Amarillo.

May 3, 1965.

Rehearing Denied May 31, 1965.

Simpson, Adkins, Fullingim & Hankins, Amarillo, for appellant.

Clayton, Kolander, Moser & Templeton, Amarillo, for appellees.

CHAPMAN, Justice.

This opinion is announced in lieu of our opinion announced on March 15, 1965.

The subject matter of this suit constitutes a controversy between two package store liquor and beer operators. Appellant, Geoffrey E. Stahl, shown in the record to be an attorney, prepared the instrument giving rise to the legal confusions apparent in the record. In transferring a liquor and beer package store to Paul D. Yarborough, he prepared what he designated as "Bill of Sale and Promissory Note" in one instrument showing he received $3,171.24 cash and providing, "and for and consideration of the additional sum of $3,000.00, plus interest at the rate of six per cent per annum, to be paid by Paul D. Yarborough. * * * Stahl then signed the instrument and had it witnessed.

Appellee Yarborough's signature is not on the instrument anywhere and the record is without contradiction that he never signed a note of any nature having to do with the purchase of the package store. However, he did sign a chattel mortgage in which he promised to pay $3,000.00 with interest thereon at the time and in the manner specified in said "Promissory Note." He also signed a lease contract between the parties whereby Stahl subleased to Yarborough the premises housing the alcoholic beverages.

Though these instruments constitute no more than a non-negotiable contract between the parties, the suit was tried as if upon a promissory note. However, Yarborough did not plead nor prove lack of execution, consideration, payment, nor any other of the defensive matters in bar of the remaining indebtedness owed for the purchases made in the transaction. In fact, he admitted payments on them without protest up to the time Stahl sought to take the business over for lack of tender of a monthly payment. Yarborough himself introduced all the instruments into evidence upon the trial of the case.

Though the case was tried by the court upon the wrong theory, there appears to have been consent thereto by all parties.

No payments were made on the indebtedness after the December 1961 installment was paid. Demand and refusal to pay the balance of the indebtedness was properly pleaded by appellant. At the time of trial the record showed an indebtedness still due of $2,518.79. Appellant admitted by brief appellee is entitled to $1,242.10, for his conversion of the liquor. Therefore, the court should have rendered judgment for appellant for the difference in the two figures just named, which is $1,276.69.

There is a serious question of the sufficiency of the point raised but in view

of the liberal construction given briefs we have considered it.

Judgment of the trial court is reversed and remanded with instructions to the trial court to render judgment for appellant in accordance with this opinion.